# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

J.C. NEWMAN CIGAR COMPANY,

    Plaintiff,

v.

LEVY CAFE, INC.,

    Defendant.

Civil Action No. _____

## AMENDED COMPLAINT

Plaintiff, J.C. Newman Cigar Company ("Plaintiff"), by counsel, for its Amended Complaint (the "Complaint") against Defendant, Levy Cafe, Inc. ("Defendant"), alleges as follows:

## PARTIES

1. Plaintiff is a corporation duly organized and existing under the laws of the State of Florida, with a principal place of business within this judicial district at 2701-03 Sixteenth Street Tampa, Florida 33605, Hillsborough County.

2. Upon information and belief, Defendant is a Pennsylvania corporation having its principal office located in Philadelphia, Pennsylvania, and Defendant also does business as S.J. Cigar Co..

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over all counts alleged in this complaint pursuant to: 15 U.S.C. § 1121, in that they all arise under the Federal Trademark (Lanham) Act (15 U.S.C. § 1051 *et seq.*); 28 U.S.C. § 1338(a), in that all claims arise under an Act of Congress relating to trademarks; and 28 U.S.C. § 1331, in that all claims arise under the laws of the United States.

4.      This Court has personal jurisdiction over Defendant as, upon information and belief: Defendant does business in this judicial district; the Defendant's infringing goods complained of herein are offered within this judicial district; and Defendant has caused harm within this judicial district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## FACTUAL BACKGROUND

### A. Plaintiff and the Mark THE AMERICAN

6.      Plaintiff is the oldest family-owned cigar company in the United States. THE AMERICAN branded cigar line was first launched in the late 1800s by the company that built Plaintiff's historic factory in Tampa in 1910. Plaintiff re-launched the line in 2019 after three years of pre-launch fanfare. Representative photos of Plaintiff's goods are shown below:





7.     Plaintiff's THE AMERICAN cigars are made entirely in the United

States – from filler to wrapper, from rolling to packaging, including printing, tubes, boxes and even hinges. No other cigar on the market today can claim this distinction.

8. Plaintiff is the owner of the trademark THE AMERICAN and an associated logo for use on cigars.

9. Since at least as early as May 31, 2019, Plaintiff has used the mark THE AMERICAN continuously in U.S. interstate commerce in connection with cigars.

10. Plaintiff owns the following United States trademark registrations:

> THE AMERICAN – U.S. Reg. No. 5998883 for use in connection with cigars. Registered on the Supplemental Register February 25, 2020, with a claimed date of first use at least as early as May 31, 2019; and



> THE AMERICAN & Design – U.S. Reg. No. 5336334 for use in connection with cigars. Registered on the Principal Register November 14, 2017, with a claimed date of first use at least as early as August 1, 2016.

Printouts from the U.S. Patent and Trademark Office's database (TSDR) evidencing the current status and ownership of the above registrations (the "THE AMERICAN Registered Marks") are attached as Exhibit A.

11. Pursuant to Section 7(b) of the Lanham Act, 15 U.S.C. § 1057(b), Plaintiff's federal registration certificate for its THE AMERICAN & Design mark is *prima facie* evidence of the validity of the registered mark, Plaintiff's ownership of the registered mark, and Plaintiff's exclusive right to use the registered mark in connection with the goods specified in the certificate of registration.

12. In addition to the THE AMERICAN Registered Marks, due to Plaintiff's nationwide use and promotion of cigars under the THE AMERICAN mark for several years, Plaintiff possesses common-law rights in the THE AMERICAN mark (Plaintiff's common-law rights in THE AMERICAN, together with the THE AMERICAN Registered Marks, are referred to collectively as the "THE AMERICAN Mark").

13. Plaintiff has invested significant time and resources in developing, promoting, and marketing THE AMERICAN cigars and in establishing this brand in the minds of consumers as being a source of one-of-a-kind, high-quality cigars made entirely in the United States.

14. Since its relaunch in 2019, Plaintiff's THE AMERICAN cigar line has been named 2020 "Best Brand from the USA", 2021 "Best Cigar from the USA", and 2020 "Cigar of the Year." The brand has featured prominently in *Cigar Aficionado* and *Halfwheel*, two popular media outlets focused on the cigar industry.

15. The THE AMERICAN Mark has become favorably known among consumers as used in connection with cigars and has become a valuable symbol of the source of Plaintiff's cigars, of the high quality of those goods, and of the goodwill associated with the THE AMERICAN Mark.

16. As a result of, among other things, Plaintiff's marketing and promotion of THE AMERICAN cigars, Plaintiff's use of the THE AMERICAN Mark on cigars, the unique nature and high quality of Plaintiff's goods, and the media coverage of THE AMERICAN cigars, the THE AMERICAN Mark has acquired distinctiveness as a trademark in the minds of the relevant consumers.

17. The THE AMERICAN Mark has become associated exclusively with Plaintiff in the minds of consumers.

### B. Defendant's Infringing Acts

18. After Plaintiff began use of the THE AMERICAN Mark, and after that mark acquired distinctiveness and became well known and associated with Plaintiff, Defendant began offering cigars bearing the identical word mark THE AMERICAN (the "Infringing Goods"). Representative photos of the Infringing Goods are shown below:





19. But unlike Plaintiff's THE AMERICAN cigars, the Infringing Goods are rolled in the Dominican Republic with non-American tobaccos. The only part or ingredient in the Infringing Goods that can conceivably come from the United States is the bourbon with which the cigars are apparently infused.

20. Plaintiff's and Defendant's goods are legally identical and, upon information and belief, are marketed and sold to the same types of purchasers through similar or identical channels of trade.

21. Plaintiff has not authorized, licensed, or otherwise endorsed Defendant's use of the identical mark on identical goods.

22. Notwithstanding Plaintiff's objections to Defendant's adoption and use of the THE AMERICAN Mark, Defendant continues to use the mark THE AMERICAN in connection with the Infringing Goods.

## COUNT I
## INFRINGEMENT OF REGISTERED MARK

23. Plaintiff repeats the allegations in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24. Defendant, without the consent or authorization of Plaintiff, has used and is using the mark THE AMERICAN, which is identical or closely similar to the THE AMERICAN Registered Marks, in connection with identical goods, and such

use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of the Infringing Goods.

25. The goodwill of the THE AMERICAN Registered Marks is of significant value, and Plaintiff is suffering and will continue to suffer irreparable harm, in particular, to its reputation for offering the only cigars that are made entirely in the United States, should Defendant continue its unauthorized sale of the Infringing Goods.

26. The acts of Defendant in its unauthorized use of the identical mark THE AMERICAN in connection with the Infringing Goods are intended to, and will, divert to Defendant the benefit of the reputation and goodwill symbolized by the THE AMERICAN Registered Marks.

27. Defendant's acts constitute infringement of the THE AMERICAN Registered Marks under 15 U.S.C. § 1114(1)(a).

28. Defendant's acts of trademark infringement are knowing, intentional, and willful.

29. As a result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

30. Unless and until Defendant is enjoined by this Court, Defendant will

continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Plaintiff.

31.  Plaintiff is entitled to a permanent injunction against Defendant, as well as corrective advertising permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II
## FALSE DESIGNATION OF ORIGIN

32.  Plaintiff repeats the allegations in paragraphs 1 through 22 of this Complaint as though fully set forth herein.

33.  By using the mark THE AMERICAN in the advertising, promotion, and sale of cigars that are not made in the United States and that contain primarily foreign materials, Defendant misrepresents the geographic origin, nature, characteristics, and qualities, of the Infringing Goods.

34.  Further, by making unauthorized use of Plaintiff's identical mark on goods that are legally identical to Plaintiff's, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and the Infringing Goods with Plaintiff, or as to the origin, sponsorship, or approval of the Infringing Goods.

35.  Defendant's acts constitute false designation of origin under Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B).

36. As a result of Defendant's acts of false designation of origin, Plaintiff is suffering irreparable harm, in particular, to its reputation for offering the only cigars that are made entirely in the United States.

37. Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of false designation of origin and will continue to confuse the public and cause irreparable harm to Plaintiff.

38. Plaintiff is entitled to a permanent injunction against Defendant, as well as corrective advertising permitted under Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

A. Adjudging that Defendant's use of the mark THE AMERICAN is trademark infringement under 15 U.S.C. § 1114;

B. Adjudging that Defendant's use of the mark THE AMERICAN is false designation of origin under 15 U.S.C. § 1125;

C. Requiring that Defendant and its officers, agents, servants, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, be permanently enjoined from:

  1. Using the mark THE AMERICAN or any other similar names, marks, slogans or domain names, in connection with cigars, or any related goods or services;

  2. Doing any other act or thing likely to induce the mistaken belief that Defendant or the Infringing Goods are in any way affiliated, connected, or associated with Plaintiff or Plaintiff's cigars, or doing any other act or thing likely to cause confusion, mistake, or deception with respect to Plaintiff's THE AMERICAN Mark;

  3. Doing any other act or thing likely to induce the mistaken belief that the Infringing Goods are made in the United States or that they contain all or mostly American ingredients and materials;

  4. Trading on the goodwill associated with the THE AMERICAN Mark;

  5. Injuring Plaintiff's business reputation and the goodwill associated with the THE AMERICAN Mark and from otherwise unfairly competing with Plaintiff in any manner whatsoever.

 D. That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and

form in which Defendant has complied with the injunction;

E. That Defendant be directed to take any and all actions the court deems reasonable to correct the confusion and misimpression Defendant has created through use of the mark THE AMERICAN, including but not limited to engaging in corrective advertising on any platforms and through any channels previously used by Defendant to advertise the Infringing Goods; and

F. That Plaintiff be awarded all reasonable attorneys' fees, costs, and disbursements incurred by Plaintiff as a result of this action, pursuant to 15 U.S.C. § 1117(a); and

G. That Plaintiff be awarded any such other and further relief as this Court deems just and proper.

Date: June 7, 2022   Respectfully submitted,

*/s/ Robert C. Folland*_____
Robert C. Folland (No. 1007951)
BARNES & THORNBURG LLP
4540 PGA Boulevard, Suite 208
Palm Beach Gardens, FL 33418
Telephone: (561) 473-7560
Facsimile: (561) 473-7561
Rob.folland@btlaw.com
*Attorney for Plaintiff J.C. Newman Cigar Company*